THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING FOR AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. FOR UNCLAIMED MONIES WHICH ARE IN THE CUSTODY OF HOLDERS OF MONIES PURSUANT TO THE UNIFORM DISPOSITION OF UNCLAIMED PROPERTY ACT, WHAT RATE OF INTEREST IS REQUIRED TO BE PAID ON SUCH MONIES BY THE HOLDERS?
 2. IN THAT AT ANY ONE TIME THE CURRENT MARKET INTEREST RATE MAY EXCEED OR FALL BELOW ANY STATUTORILY SET INTEREST RATE FOR PRIVATE MONIES, DOES THE SETTING OF INTEREST RATES BY THE LEGISLATURE CONSTITUTE AN UNCONSTITUTIONAL "TAKING" OR VIOLATE OR IMPAIR ANY OTHER CONSTITUTIONALLY GUARANTEED RIGHT?
 3. IF THE ANSWER THE QUESTION NO 2 IS "YES", IN REVIEWING OTHER STATUTORILY SET INTEREST RATES, WHAT CRITERIA SHOULD BE USED TO DETERMINE IF THOSE STATUTES WILL PASS CONSTITUTIONAL MUSTER?
 4. IF THE ANSWER TO QUESTION NO 2 IS "NO" MAY THE LEGISLATURE CONSTITUTIONALLY SET INCONSISTENT INTEREST RATES FOR THE HOLDING OF PRIVATE FUNDS OR OTHER ASSETS BASED ON EITHER THE TYPE OF ORGANIZATION HOLDING THE FUNDS (E.G. BANKS, OIL COMPANIES OR LIFE INSURANCE CORPORATIONS) OR BASED ON THE USE OF THE FUNDS?
SINCE YOUR QUESTIONS CONCERN RELATIVELY STRAIGHT-FORWARD PROVISIONS OF SPECIFIC STATUTES, IT HAS BEEN DETERMINED THAT AN OFFICIAL ATTORNEY GENERAL'S OPINION IS NOT NECESSARY TO RESOLVE THEM. ACCORDINGLY, YOU SHOULD UNDERSTAND THAT WHAT FOLLOWS IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND NOT THE OFFICIAL OPINION OF THE ATTORNEY GENERAL HERSELF.
I.
CONSIDERATION OF YOUR QUESTIONS REQUIRES AN EXAMINATION OF THE PROVISIONS OF THE OKLAHOMA UNIFORM DISPOSITION OF UNCLAIMED PROPERTY ACT, 60 O.S. 651 (1991) ET SEQ. THAT ACT ESTABLISHES STANDARDS BY WHICH VARIOUS KINDS OF PROPERTY ARE DEEMED ABANDONED. IT ALSO IMPOSES REPORTING OBLIGATIONS ON THE HOLDERS OF UNCLAIMED PROPERTY AND, WITH CERTAIN EXCEPTIONS, REQUIRES THESE HOLDERS TO DELIVER UNCLAIMED PROPERTY TO THE OKLAHOMA TAX COMMISSION. THE ACT ALSO SETS FORTH A SCHEME FOR THE MAINTENANCE, DISTRIBUTION AND ESCHEAT OF UNCLAIMED PROPERTY. SEE GENERALLY LINCOLN BANK AND TRUST CO. V. OKLAHOMA TAX COMMISSION, 63 O.B.A.J. 470 (OKLA. 1992).
THE ACT'S GENERAL REPORTING REQUIREMENTS ARE SET FORTH IN 60 O.S. 661. THAT SECTION PROVIDES THAT HOLDERS MUST FILE REPORTS BEFORE NOVEMBER 1 OF EACH YEAR FOR ALL PROPERTY DEEMED ABANDONED AS OF THE PRECEDING SEPTEMBER 1. UNDER 661, HOLDERS ARE ALSO REQUIRED TO SEND UNCLAIMED PROPERTY REPORTS TO THE OWNER'S LAST KNOWN ADDRESS. 60 O.S. 663 (1991) PROVIDES, WITH CERTAIN EXCEPTIONS, THAT INDIVIDUALS REQUIRED TO FILE REPORTS REGARDING UNCLAIMED PROPERTY MUST PAY OR DELIVER TO THE OKLAHOMA TAX COMMISSION ALL UNCLAIMED PROPERTY WITHIN SIX MONTHS AFTER THE FINAL DATE FOR THE FILING OF THE UNCLAIMED PROPERTY REPORT.
YOUR FIRST QUESTION REGARDING THE PAYMENT OF INTEREST BY HOLDERS OF UNCLAIMED PROPERTY IS ADDRESSED BY 60 O.S. 680 (1991). THAT SECTION PROVIDES:
 "A. A PERSON WHO FAILS TO PAY OR DELIVER PROPERTY WITHIN THE TIME PRESCRIBED BY THE UNIFORM UNCLAIMED PROPERTY ACT (1981), 651, ET SEQ., OF THIS TITLE, SHALL BE REQUIRED TO PAY INTEREST AT THE ANNUAL RATE OF TEN PERCENT (10%) ON THE PROPERTY OR VALUE THEREOF FROM THE DATE THE PROPERTY SHOULD HAVE BEEN PAID OR DELIVERED.
 B. IN ADDITION TO THE PENALTY IMPOSED IN SUBSECTION (A) OF THIS SECTION, A PERSON WHO WILLFULLY FAILS TO RENDER ANY REPORT OR DELIVER PROPERTY OR PERFORM ANY OTHER DUTIES REQUIRED UNDER THE UNIFORM UNCLAIMED PROPERTY ACT (1981) SHALL PAY A CIVIL PENALTY OF ONE HUNDRED DOLLARS ($100.00) FOR EACH DAY THE REPORT IS WITHHELD OR THE DUTY IS NOT PERFORMED, BUT NOT MORE THAN FIVE THOUSAND DOLLARS ($5,000.00).
 C. A PERSON WHO WILLFULLY FAILS TO PAY OR DELIVER PROPERTY TO THE COMMISSION AS REQUIRED UNDER THIS ACT SHALL PAY A CIVIL PENALTY EQUAL TO TWENTY FIVE PERCENT (25%) OF THE VALUE OF THE PROPERTY THAT SHOULD HAVE BEEN PAID OR DELIVERED . . ."
SECTION E OF 60 O.S. 680(E) ESTABLISHES AN EXCEPTION TO THE INTEREST PENALTY SET FORTH IN THE PRECEDING SECTIONS. IT STATES:
 "THE INTEREST OR PENALTY OR ANY PORTION THEREOF, AS IMPOSED BY SUBSECTIONS (A), (B), OR (C) OF THIS SECTION, MAY BE WAIVED OR REMITTED BY THE OKLAHOMA TAX COMMISSION IF THE PERSONS FAILURE TO PAY ABANDONED FUNDS OR DELIVER PROPERTY IS SATISFACTORILY EXPLAINED TO THE TAX COMMISSION OR IF SUCH FAILURE HAS RESULTED FROM A MISTAKE BY THE PERSON OF EITHER THE LAW OR THE FACTS SUBJECTING THAT PERSON TO PAY ABANDONED FUNDS OR DELIVER PROPERTY SUBJECT TO THE UNIFORM UNCLAIMED PROPERTY ACT (1981) OR INABILITY TO PAY SUCH INTEREST OR PENALTY RESULTING FROM INSOLVENCY."
ACCORDINGLY, UNDER THE PROVISIONS OF 60 O.S. 680, HOLDERS OF UNCLAIMED PROPERTY WHO DO NOT DELIVER THE PROPERTY WITHIN THE TIME PRESCRIBED BY THE ACT ARE REQUIRED TO PAY INTEREST AT A RATE OF TEN PERCENT (10%) PER ANNUM FROM THE DATE THAT THEY SHOULD HAVE DELIVERED THE PROPERTY. THESE HOLDERS MAY ALSO BE HELD LIABLE FOR THE PENALTIES SET FORTH IN SECTIONS 60 O.S. 680((B) AND 60 O.S. 580(C)
III.
YOUR SECOND QUESTION ASKS WHETHER THE SETTING OF INTEREST RATES IMPOSED ON HOLDERS OF UNCLAIMED PROPERTY CONSTITUTES AN UNCONSTITUTIONAL TAKING. UNDER THE DUE PROCESS CLAUSES OF BOTH THE OKLAHOMA AND UNITED STATES CONSTITUTIONS, THE GOVERNMENT MAY NOT DEPRIVE AN INDIVIDUAL OF PROPERTY WITHOUT JUST COMPENSATION. RICKS EXPLORATION CO. V. OKLAHOMA WATER RESOURCES BD., 698 P.2D 498 (OKLA. 1984). A NUMBER OF COURTS HAVE HELD THAT JUST COMPENSATION INCLUDES AN AWARD OF INTEREST FROM THE TIME THE PROPERTY IS TAKEN UNTIL THE TIME OF PAYMENT. SEE. E.Q., HUGHES V. COMMONWEALTH DEPT. OF TRANSPORTATION, 523 A.2D 747 (PA. 1987); VEROCHI V. COMMONWEALTH, 477 N.E.2D 366 (MASS. 1985); DOTSON V. ARUNDEL COUNTY, 451 A.2D 317 (MD. 1982); CITY SERVICE GAS CO. V. WILLIAMS, 198 P.2D 204 (OKLA. 1948). IN ADDITION, SEVERAL COURTS HAVE HELD THAT WHEN A STATUTORILY SET INTEREST RATE FALLS BELOW THE PREVAILING MARKET RATE, A PROPERTY OWNER WHO HAS BEEN DEPRIVED OF HIS PROPERTY IS ENTITLED TO THE HIGHER MARKET LEVEL OF INTEREST. SEE E.G., HUGHES, 523 A.2D AT 753; MATTER OF CITY OF NEW YORK, 462 N.Y.S.2D 619 (NY 1983).
AS YOUR SECOND QUESTION SUGGESTS, THE TEN PERCENT INTEREST RATE ASSESSED AGAINST HOLDERS OF UNCLAIMED PROPERTY WHO DO NOT COMPLY WITH THE ACT'S DELIVERY PROVISIONS MAY DIFFER FROM THE CURRENT MARKET RATE OF INTEREST. HOWEVER, THIS POTENTIAL VARIANCE BETWEEN THE MARKET AND STATUTORY RATES DOES NOT MAKE THE STATUTORY INTEREST RATE AN UNCONSTITUTIONAL TAKING.
THIS CONCLUSION FOLLOWS FROM THE FACT THAT THE INTEREST PROVISION OF THE ACT DOES NOT REPRESENT AN ATTEMPT TO COMPENSATE HOLDERS FOR PROPERTY OF WHICH THEY HAVE BEEN DEPRIVED. INSTEAD, THIS PROVISION CONSTITUTES A PENALTY IMPOSED AGAINST HOLDERS WHO DO NOT COMPLY WITH THE ACT'S REQUIREMENTS FOR DELIVERY OF UNCLAIMED PROPERTY. THE OKLAHOMA SUPREME COURT HAS HELD THAT PENALTY PROVISIONS MAY BE USED TO ENFORCE STATUTES ENACTED UNDER THE STATE'S POLICE POWERS. STATE EX REL. POLLUTION CONTROL CO. V. KERR MC-GEE CORP., 532 P.2D 386 (OKLA. 1975). SINCE UNCLAIMED PROPERTY LAWS CONSTITUTE PROPER EXERCISES OF THE STATE'S POLICE POWER, THE IMPOSITION OF THE TEN PERCENT INTEREST RATE ON HOLDERS WHO FAIL TO COMPLY WITH THE ACT'S PROVISIONS DOES NOT CONSTITUTE AN UNCONSTITUTIONAL TAKING OF PROPERTY UNDER THE OKLAHOMA OR UNITED STATES CONSTITUTIONS. SEE UNITED STATES V. 5.644.540.00 IN U.S. CURRENCY, 799 F.2D 1357, 1373 (9TH CIR. 1986).
IV.
IN THAT THE ANSWER TO THE SECOND QUESTION IS "NO", I SHALL ANSWER YOUR FOURTH QUESTION, WHICH ASKS WHETHER THE LEGISLATURE MAY CONSTITUTIONALLY SET INCONSISTENT INTEREST RATES FOR HOLDERS OF UNCLAIMED PROPERTY BASED ON THE TYPE OF ORGANIZATION HOLDING THE FUNDS OR THE MANNER IN WHICH THE FUNDS ARE USED. THIS QUESTION CANNOT BE DIRECTLY ANSWERED UNDER THE PROVISIONS OF THE OKLAHOMA UNCLAIMED PROPERTY ACT. AS NOTED ABOVE, THE ACT IMPOSES A UNIFORM INTEREST RATE ON NON-COMPLYING HOLDERS OF UNCLAIMED PROPERTY.
HOWEVER, AS A GENERAL RULE, IT SHOULD BE NOTED THAT, UNDER THE EQUAL PROTECTION CLAUSES OF THE OKLAHOMA AND UNITED STATES CONSTITUTIONS, ANY DISTINCTIONS MADE BY THE LEGISLATURE AMONG CLASSES OF HOLDERS OR USES OF FUNDS MUST BE BASED ON REAL DIFFERENCES BETWEEN THE HOLDERS AND USES, AND MUST BE RATIONALLY RELATED TO A LEGITIMATE GOVERNMENT PURPOSE. SEE KADMAS V. DICKINSON PUBLIC SCHOOLS,487 U.S. 459, 101 L.ED.2D 399, 108 S.CT. 2481 (1988); CLEGQ V. OKLAHOMA STATE ELECTION BOARD, 637 P.2D 103 (OKLA. 1981). SEE ALSO GOODMAN V. CORRY, 191 CAL.RPTR.272 (CAL.APP.1983); MATTER OF MONTANA PACIFIC OIL AND GAS CO., 614 P.2D 1G45 (MONTANA 1980) (APPLYING EQUAL PROTECTION ANALYSIS TO UNCLAIMED PROPERTY LAWS IN CALIFORNIA AND MONTANA). WHETHER FUTURE LEGISLATIVE ENACTMENTS THAT IMPOSE DIFFERENT RATES OF INTEREST UPON DIFFERENT CLASSES OF HOLDERS AND ON DIFFERENT USES OF PROPERTY ARE BASED ON REAL DIFFERENCES BETWEEN THE HOLDERS AND THE USES AND ARE RATIONALLY RELATED TO LEGITIMATE GOVERNMENT PURPOSES DEPENDS UPON FUTURE FACTS AND CIRCUMSTANCES.
I, THEREFORE, CONCLUDE THAT:
 1. THE UNIFORM DISPOSITION OF UNCLAIMED PROPERTY ACT REQUIRES HOLDERS OF UNCLAIMED PROPERTY WHO DO NOT COMPLY WITH THE ACT'S PROVISIONS REGARDING THE DELIVERY OF UNCLAIMED PROPERTY TO PAY INTEREST AT THE RATE OF TEN PERCENT (10%) PER ANNUM FROM THE DATE THE PROPERTY SHOULD HAVE BEEN DELIVERED TO THE OKLAHOMA TAX COMMISSION. UNDER THE ACT, SUCH HOLDERS MAY ALSO BE LIABLE FOR THE ADDITIONAL PENALTIES SET FORTH IN 60 O.S. 680.
 2. THE TEN PERCENT (10%) INTEREST RATE SET FORTH IN 60 O.S. 680 DOES NOT CONSTITUTE AN UNCONSTITUTIONAL TAKING OF PROPERTY WITHOUT JUST COMPENSATION.
 3. WHETHER THE LEGISLATURE MAY IMPOSE DIFFERENT INTEREST RATES ON DIFFERENT CLASSES OF HOLDERS OF UNCLAIMED PROPERTY AND ON DIFFERENT USES OF UNCLAIMED PROPERTY IS A QUESTION OF FACT. UNDER THE UNCLAIMED PROPERTY ACT AS NOW WRITTEN, THE TEN PERCENT (10%) INTEREST RATE IMPOSED ON HOLDERS OF UNCLAIMED PROPERTY WHO DO NOT COMPLY WITH THE ACT'S DELIVERY PROVISIONS IS IMPOSED ON ALL CLASSES OF HOLDERS.
(RABINDRANATH RAMANA)